■ In the Matter of STERLING HOTEL & MOTOR LODGE INC., Petitioner, v. DONALD S. HOSTETTER, as Chairman of the State Liquor Authority, Respondent.— Proceeding pursuant to CPLR article 78 to annul a determination of respondent State Liquor Authority, dated April 16, 1968, which suspended petitioner's hotel liquor license for 30 days, with deferment as to 15 of said days. Determination modified, on the law, by reducing the penalty to 10 days suspension, with the suspension deferred on condition that the Authority shall be satisfied that petitioner has properly conducted the licensed premises for a period of one year beginning on the date of the order to be entered hereon. As so modified, determination confirmed, without costs. No questions of fact have been considered. In our opinion, under all the circumstances the penalty imposed by the Authority was too severe. Brennan, Acting P. J., Benjamin and Martuscello, JJ., concur; Rabin and Hopkins, JJ., dissent and vote to confirm the determination in all respects.

■ In the Matter of ALEXANDRIA ZIELINSKI, Respondent, v. JOHN MASTRANGELO, Appellant.— Order of the Family Court, made in New York County on June 21, 1968, and entered in Queens County on November 21, 1968, *nunc pro tunc* as of June 21, 1968, affirmed, without costs. No opinion. The notice of appeal is amended so as to state that the order was entered in Queens County. Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ AGNES McLAUGHLIN, Respondent-Appellant, v. JOHN McLAUGHLIN, Appellant-Respondent.— In an action for separation, the parties cross-appeal from different portions of a judgment of the Supreme Court, Queens County, dated April 3, 1968. Plaintiff's appeal is from so much of the judgment as dismissed the complaint and as did not order defendant to make payments of money to her as alimony; and defendant's appeal is from so much of the judgment as awarded to plaintiff possession of a dwelling owned by the parties as tenants by the entirety and ordered him to pay the carrying and maintenance charges thereon. Judgment modified, on the law and the facts and in the exercise of discretion, by deleting the third decretal paragraph thereof and inserting, in its stead, the requirement that defendant shall be liable for one half of the following expenses: mortgage interest and amortization, taxes and assessments, and fire and liability insurance. As so modified, judgment affirmed, without costs. The trial court had the power to award exclusive possession of the marital domicile to plaintiff and to require defendant to pay the carrying and maintenance charges thereon, notwithstanding the failure of plaintiff to obtain a judgment of separation (see *Watkins v. Watkins,* 19 A D 2d 872; *Zahler v. Zahler,* 28 A D 2d 925). However, in our opinion, a full consideration of the circumstances of the parties affords no basis for the direction that defendant pay all of such charges (cf. *Brownstein v. Brownstein,* 25 A D 2d 205). The interests of justice will be better served, in this case, if defendant is merely required to make payments on account of and to preserve his equity in the property. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.